UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60843-JAL

EDWARD CRESPO,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
a Kansas corporation,

    Defendant.
_____/

### DEFENDANT MIDLAND CREDIT MANAGEMENT INC.'S
### MOTION FOR LEAVE TO FILE MOTION FOR PROTECTIVE ORDER

Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant"), pursuant to Magistrate Judge Goodman's Discovery Procedures Order [ECF No. 13],[1] hereby files this Motion for Leave to file Motion for Protective Order and shows the Court as follows:

**THE FILING OF A MOTION FOR PROTECTIVE ORDER IS APPROPRIATE**

Prior to the lawsuit being filed and continuing thereafter, Plaintiff has sent a series of disparaging, harassing and vindictive e-mails to in-house counsel for Midland and Midland's counsel of record in this action. *See* Composite Exhibit A. For example, on May 21, 2015, Plaintiff sent an email to counsel for Midland stating that this is "exactly what I've come to expect from every Midland junk defense lawyer I've encountered." May 21, 2015 e-mail from Plaintiff to Midland's counsel part of Composite Exhibit A. On numerous

---

[1] The undersigned understands that the Court's discovery procedures generally prohibit the filing of discovery motions for routine discovery matters. Defendant seeks leave to move for a protective order, however, based on the extraordinary circumstances of Plaintiff's continuing his harassing and abusive conduct. Under these rare circumstances, the filing of a motion for a protective order is appropriate.

occasions, Midland's counsel requested that all communications occur between counsel of record.  *See* May 21, 2015 email from Midland's counsel to counsel for Plaintiff, *see also* June 8, 2015 email from Midland's counsel to counsel for Plaintiff part of Composite Exhibit A.  Plaintiff and his counsel ignored the requests.  On July 28, 2015 Plaintiff sent an e-mail to Midland's counsel stating "Do you think you can intimidate me in the least with your transparent slick lawyer bullshit . . . Go ahead and file a Protective Order.  You'll get another Bar Complaint for filing what you know or should have known to be a frivolous petition . . . YOU decided right from the beginning that the name of this game was going to be "Hardball".  SO BE IT . . .  now you're no longer dealing with Holiday . . . you're dealing with ME now and I can play the meanest game of Hardball you ever saw!" July 28, 2015 email from Plaintiff to Midland's counsel part of Composite Exhibit A.[2]

With respect to communications with in-house counsel for Midland, on July 27, 2015, Plaintiff sent an e-mail to in-house counsel for Midland stating "today's meeting with the IRS confirmed just what a liar you are!" July 28, 2015 email from Plaintiff to in-house counsel for Midland, part of Composite Exhibit A.

Plaintiff's communications with opposing counsel and in-house counsel for Defendant indicate that he has acted in bad faith in the course of this litigation.  Accordingly, Midland should be granted leave to file a motion for protective order enjoining Plaintiff from: (1) sending harassing or threatening correspondence to counsel for Midland via mail, e-mail, telephone, or any other means of communication; and (2) communicating

---

[2] These are a few of the examples of emails sent by the Plaintiff to Midland's Counsel but not exhaustive.

directly with Midland by e-mail, correspondence, or telephone, or any other means of communication.[3]

## LOCAL RULE 7.1 CERTIFICATION

The undersigned contacted Plaintiff's counsel on July 28, 2015 in a good faith effort to resolve the issues raised herein. The next day, Plaintiff's counsel indicated he would be withdrawing as counsel.[4] On July 29, 2015, the undersigned had a telephone conference with Plaintiff in an effort to resolve the issues and requested that Plaintiff enter into a protective order prohibiting the sending of the type of e-mails referenced above to the undersigned and in-house counsel for Midland. During that call, Plaintiff indicated he was not available for an August 7, 2015 hearing in front of the Court to address the issues because he would be conducting a television interview. Plaintiff also indicated he would have to check his schedule regarding his availability for an August 14, 2015 hearing. Plaintiff's failure to provide dates upon which he is available for a hearing is clearly a delay tactic to avoid having to appear in front of the Court, while at the same time allowing him to continue sending harassing e-mails. During the same call Plaintiff indicated he would stop sending the e-mails but the next day, on July 30, 2015, sent another harassing e-mail. The undersigned also provided Plaintiff with a draft of a protective order. Plaintiff has refused to agree to enter into the protective order.

---

[3] A district court has the inherent power to manage its litigation docket and ensure bad faith conduct does not occur between litigants. *See e.g., Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320-21 (11th Cir. 2002) (concluding that a district court properly imposed sanctions on the basis of one party sending five documents to opposing counsel that were "saturated with invective" and "pervaded with rude, demeaning remarks," including "attacks upon the fitness of opposing counsel as a member of the bar.").

[4] On July 30, 2015, the Court entered an order allowing Plaintiff's counsel to withdraw. ECF No. 47.

#36816168_v1

## CONCLUSION

WHEREFORE, Midland Credit Management, Inc., respectfully requests the Court to enter an Order granting Midland leave to file a Motion for Protective Order, and for such further relief as the Court deems just.

Dated: July 31, 2015.

>Respectfully Submitted,
>
>HOLLAND & KNIGHT LLP
>*Attorneys for Defendant Midland Credit Management, Inc.*
>701 Brickell Avenue, Suite 3300
>Miami, FL 33131
>Telephone: (305) 374-8500
>Facsimile: (305) 789-7799
>
>By: /s/ Cory Eichhorn
>    Cory Eichhorn
>    Florida Bar No. 576761
>    Eric B. Funt
>    Florida Bar No. 102190

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2015, I served the foregoing on Pro Se Plaintiff Edward Crespo, via e-mail at musicandmore20@gmail.com.

>/s/Cory Eichhorn
>Cory Eichhorn
>Florida Bar No. 576761
>*Attorney for Defendant Midland Credit Management, Inc.*
>Holland & Knight LLP
>701 Brickell Avenue, Suite 3300
>Miami, FL 33131
>Telephone: (305) 374-8500
>Facsimile: (305) 789-7799
>Cory.Eichhorn@hklaw.com

4

#36816168_v1