UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60843-JAL

**EDWARD CRESPO,**

    Plaintiff,

v.

**MIDLAND CREDIT MANAGEMENT, INC.,**
a Kansas corporation,

    Defendant.
_____/

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant, Midland Credit Management, Inc. ("Midland"), pursuant to S.D. Fla. L.R. 7.1(c), hereby files this Memorandum in Opposition to Plaintiff Edward Crespo's ("Plaintiff") Motion for Sanctions Against Midland Credit Management, Inc. and Attorneys, Cory Eichhorn and Eric B. Funt (the "Motion") [ECF No. 57], and states as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Motion -- attacking Midland's counsel as "dishonest" and "unethical" and characterizing their conduct as "fraudulent" and "transcend[ing] mere bad faith" -- is premised on a single allegation that is simply wrong. Plaintiff alleges that Midland misrepresented to him and the Court that it submitted Plaintiff's voided 1099-Misc to the IRS. That is contention is misplaced. In March 2015, Midland voided the 1099-Misc. A true and correct copy of the voided 1099-Misc is attached hereto as ***Exhibit A***. Midland then filed the voided 1099-Misc with the IRS in April 2015, and the corrected filing was given a file name of CORR.17A81.0002. A screen shot of the

filing -- demonstrating Midland filed the 1099-Misc with the IRS -- is attached hereto as ***Exhibit B***. Plaintiff's Motion should be denied for this reason alone.

Apart from Plaintiff's misguided accusations regarding the filing of the 1099-Misc with the IRS, Plaintiff's Motion fails to offer a scintilla of evidence that, even if true, would constitute sanctionable conduct. The Motion thus does not meet the high "clear and convincing" standard to establish "fraud on the court," nor does it establish "deliberate indifference to obvious facts" as required under Rule 11.[1] To the extent Plaintiff seeks relief under Rule 11, his Motion also suffers from a fatal procedural defect. Under the safe-harbor provision of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), Plaintiff was required to serve his Motion on Midland and allow twenty-one (21) days for Midland to withdraw or correct the challenged statements. Plaintiff ignored this pre-filing requirement and therefore his Motion must denied.

Even if Plaintiff's Motion is not construed as a Motion brought under Rule 11, Plaintiff failed to confer in good faith before filing the Motion or include a certification of pre-filing conference as required under the Local Rules. *See* S.D. Fla. L.R. 7.1(a)(3). Failure to include the pre-filing certification is a sufficient basis on its own to deny the Motion. *See id*. ("Failure to comply with the requirements of this rule may be cause for the court to . . .deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses because of the violation, including a reasonable attorney's fee.").[2]

---

[1] Plaintiff's Motion is far from a model of clarity. Although Plaintiff does not specifically cite to Rule 11, Plaintiff appears to be moving for sanctions under this Rule, and as such, the Motion should be construed as one under Rule 11 based on the substance of Plaintiff's arguments. In the event the Court construes the Motion as moving for sanctions based solely under a "fraud on the court" theory, the other arguments raised herein are equally applicable.

[2] Plaintiff did contact the undersigned pursuant to Local Rule 7.1(a)(3) prior to filing his Motion for Leave to file his Motion for Sanctions [ECF No. 50], however, the Motion for Leave had no substance whatsoever. Plaintiff has not contacted the undersigned regarding the relief requested

#37000008_v2

Ultimately, his core premise having been disproven, Plaintiff's Motion can be seen for what it is—yet another example of Plaintiff's unrelenting efforts to harass Midland and its counsel.[3]  For these reasons, more fully set forth herein, Plaintiff's Motion should be denied.

## BRIEF PROCEDURAL BACKGROUND

This case arises out of a prior litigation between Plaintiff against Midland.  Plaintiff admits in his Complaint that the prior litigation settled, and that the settlement was ultimately effectuated on January 13, 2014, when Midland delivered a $30,000 check from the IOTA account of its counsel payable to the IOTA trust account of Plaintiff's counsel.  Compl. ¶¶ 7, 11-12 [ECF No. 1].  Plaintiff claims on April 24, 2014, Midland issued a 1099-Misc reporting that $30,000 in settlement funds were paid by Midland to Plaintiff in 2013.  *Id.* ¶ 14.

Plaintiff sued Midland under 26 U.S.C. § 7434 for willfully and fraudulently filing a false information return, and under Florida common law for intentional infliction of severe emotional distress, based primarily on the allegations that Midland issued a 1099-Misc that was (i) directed to Plaintiff and not his counsel and (ii) issued for tax year 2013 instead of 2014.

On May 19, 2015, Midland moved to dismiss the Complaint for failure to state a claim. (the "Motion to Dismiss") [ECF No. 12].  Plaintiff responded on June 5, 2015 [ECF No. 17], and Midland filed a reply in support of its Motion to Dismiss on June 15, 2015 (the "Reply") [ECF No. 20]. In the Motion to Dismiss and Reply, Midland argued that Plaintiff's allegations, at best,

---

in his Motion for Sanctions, nor does his Motion for Sanctions contain the required pre-filing certification.  Given that the Local Rules require Plaintiff to confer regarding the relief requested in his Motion, Plaintiff has failed to comply with the Local Rules.

[3] Since before the filing of the Complaint and continuing thereafter, Plaintiff has sent threatening and harassing e-mails to both the undersigned and in-house counsel for Midland, requiring Midland to seek court intervention. [ECF No. 48].  A hearing regarding these issues was set for August 7, 2015, however, that hearing was cancelled by Magistrate Judge Goodman and will be rescheduled.

3

demonstrate that Midland made a clerical error, and thus the Complaint fails to state a claim for the "willful and fraudulent" filing of a tax return. As proof that any errors in the 1099-Misc were clerical mistakes, Midland has cited the allegation in Plaintiff's Complaint that Midland confirmed to Plaintiff that the 1099-Misc was voided. Compl. ¶ 19.

On June 16, 2015, Plaintiff filed a motion seeking leave to file a sur-reply to Midland's Reply ("Motion for Sur-Reply"). In the Motion for Surreply, Plaintiff argued that

> Defendant has misrepresented the facts to this Court. While Defendant did email a copy of the 1099-Misc with the word "void" stamped on it, in fact, Defendant never filed a corrected 1099-Misc with the Internal Revenue Service ("IRS"). To the present day, the 1099- Misc that was originally filed with the IRS remains of record with the IRS, with no evidence whatsoever that Midland corrected its supposed "clerical error."

[ECF No. 21, at 1].

In response to Plaintiff's contention that it "misrepresented the facts to this Court," Midland filed its opposition to Plaintiff's Motion for Sur-Reply stating: "Defendant filed a corrected 1099-Misc with the Internal Revenue Service on April 23, 2015 with IRS file name: CORR.17A81.0002." [ECF No. 29, at 2]. Plaintiff's Motion for Sur-Reply was subsequently denied by the Court. [ECF No. 33].

## ARGUMENT

At the outset, a motion for sanctions under Rule 11 "<u>must</u> not be filed or be presented to the court" until 21 days after the movant has served the opposing party with a copy of the motion, so that the opposing party is provided an opportunity to withdraw or correct the challenged claim, defense, contention or denial. *See* Fed. R. Civ. P. 11(c)(2) (emphasis added). Here, Plaintiff's Motion appears to seek relief under Rule 11 (although the Motion does not specifically cite to Rule 11) as he essentially argues that Midland's factual contentions lack evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). To the extent the Motion implicates Rule 11, the Motion must be denied due

4

#37000008_v2

to Plaintiff's failure to follow the safe-harbor procedures of Rule 11. *Acker v. Baytree on Baymeadows*, 2012 WL 2370246, No. 11-221, * 2 (S.D. Fla. June 22, 2012) (denying *pro se* litigant's motion for sanctions "[b]ecause there is no indication, from Plaintiff or otherwise, that Plaintiff provided Defendant with a 21–day notice pursuant to Rule 11(c).").

Even if Plaintiff's Motion complied with Rule 11(c) and the Local Rules, it would still fail. Rule 11 requires that "an attorney's factual allegations 'have evidentiary support or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *CNA Financial Corp. v. Brown*, 162 F.3d 1334, 1337 (11th Cir. 1998) (quoting Fed. R. Civ. P 11(b)). "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." *Williams v. Florida Health Srvs.*, 2007 WL 641328, No. 05-68 (M.D. Fla. Feb. 26, 2007) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002)); *see also Doe v. City of Opa-Locka*, 2013 WL 1176239, No. 11-21975, * 8 (S.D. Fla. Mar. 20, 2013) (denying Rule 11 sanctions because counsel reasonably relied on evidence, even though that evidence was inconsistent with other evidence in the case).

Numerous Federal district courts have also denied motions for sanctions brought by *pro se* litigants for failure to comply with Rule 11 and the local rules of the Court. *See e.g.*, *Patterson v. Aiken*, 841 F.2d 386 (11th Cir. 1988) (sanctioning *pro se* litigant for violating Rule 11 by filing frivolous pleadings attacking counsel's character and noting that: "*pro se* filings do not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."); *Acker*, 2012 WL 2370246, No. 11-221, * 2 (denying *pro se* litigant's motion based, in part, on his failure to follow safe-harbor provision of Rule 11(c) and his failure to include a certification that he

conferred or attempted to confer with opposing counsel in good faith to resolve disputed issue); *Pickett v. Exec. Preference Corp.*, 2006 WL 2045938, No. 05-1128 (M.D. Fla. July 20, 2006) (denying *pro se* litigant's motion for sanctions for failure to comply with local rules and admonishing him for incendiary litigations tactics).

Plaintiff further alleges throughout his Motion that sanctions are warranted based on "fraud on the Court." "Fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision preventing the opposing party from fully and fairly presenting his case." *Davenport Recycling Associates v. C.I.R.*, 220 F.3d 1255, 1262 (11th Cir. 2000) (internal citations and quotations omitted). Indeed, this theory "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Thompson v. The Florida Bar*, No. 07-21256-CIV, 2007 WL 4365604, at *1 (S.D. Fla. Nov. 29, 2007) (internal citations omitted). "Fraud on the court" must be proven "clearly and convincingly." *See McCarthy v. Am. Airlines, Inc.*, No. 07-61016-CIV, 2008 WL 2517129, at *2 (S.D. Fla. June 23, 2008).

Here, Plaintiff's primary basis for seeking sanctions -- that Midland and its counsel misrepresented that Midland filed a voided 1099-Misc with the IRS -- is incorrect. Plaintiff asserts that Midland's in-house counsel "deceptively and illegally rubberstamped 'VOID'" on the 1099-Misc and advised Plaintiff's counsel that it had been transmitted to the IRS when, according to Plaintiff, "[i]t was never sent to the IRS." Motion at 2 (emphasis in original). Plaintiff further alleges that Midland's in-house counsel and the undersigned counsel knew or should have known that the purported "void-stamping activities were obviously not in compliance" with IRS regulations. Motion at 2. Moreover, Plaintiff claims that the undersigned violated his duty of

6

candor to the court by making the following purportedly false statements: "Midland immediately voided the underlying return at issue . . . upon being notified of the clerical error."; "the 1099-Misc was withdrawn and voided immediately when Midland was informed of the error"; and "Defendant filed a corrected 1099-Misc with the Internal Revenue Service on April, 23, 2015 with IRS file name: CORR.17A81.0002."  Motion at 2-4.

As set forth above, Exhibit B corroborates the fact that the voided 1099-Misc was filed with the IRS and directly contradicts the allegations in Plaintiff's Motion.  This evidence is fatal to Plaintiff's Motion and requires that the Motion be denied.

Plaintiff's remaining arguments in support of his Motion similarly do not meet the high threshold for sanctions under Rule 11 or for "fraud on the court."  Plaintiff argues that Midland's statement in its Motion to Dismiss that Plaintiff settled the prior litigation "in the amount of $30,000 and that he ultimately received these funds" was false.  To support his mistaken contention that the statement is false, Plaintiff points to portions of his Complaint (containing merely allegations) wherein he states that although the prior litigation settled for $30,000, Midland knew that the net settlement proceeds to Plaintiff would be substantially less.  This contention is misplaced as Midland had no knowledge regarding Plaintiff's arrangement with his attorney in the prior litigation.  Moreover, there is no doubt that Plaintiff settled the matter for $30,000, which amounts were provided on his behalf to his attorney.  Plaintiff's allegation that the statement he received the funds is false is nothing more than an attempt to manufacture a "misrepresentation" and harass Midland.  To that end, Plaintiff is reading statements made by Midland in court filings out of context.

It also appears that Plaintiff seeks sanctions against the undersigned for sending an email to Plaintiff's former counsel that purportedly intended to "<u>force</u>" Plaintiff into withdrawing a bar

7

complaint filed by Plaintiff against another lawyer that the undersigned was working with on this litigation.  Far from "forcing" Plaintiff into withdrawing his bar complaint, the request was made to Plaintiff's former counsel as a matter of professional courtesy given that the undersigned believes that the Florida Bar Complaint lacks merit and is targeted solely to harass.

Plaintiff's Motion should also be denied because he failed to conduct a pre-filing conference or include a certification of good faith pre-filing conference as required under Local Rule 7.1(a)(3). *See Anderson v. Vanguard Car Rental USA, Inc.*, 2010 WL 3276223, No. 09-61092 (S.D. Fla. Aug. 18, 2010) (denying *pro se* litigant's motion for failure to comply with Local Rule 7.1.(a)(3)).

Finally, it appears as though Plaintiff's Motion seeks relief related to the ultimate question in the litigation, *i.e.* whether Midland fraudulently filed the 1099-Misc and the actions it took thereafter to correct the filing, which is not the proper subject of a motion for sanctions.  For this additional reason, the Motion should be denied.

#37000008_v2

WHEREFORE, Defendant, Midland Credit Management, Inc., respectfully requests the Court deny Plaintiff's Motion for Sanctions and award Midland its reasonable expenses under Rule 11(c), including attorney's fees, incurred in defending the Motion, and such further relief as the Court deems appropriate.

Dated: August 19, 2015.

        Respectfully Submitted,

        HOLLAND & KNIGHT LLP
        *Attorneys for Defendant Midland Credit Management, Inc.*
        701 Brickell Avenue, Suite 3300
        Miami, FL 33131
        Telephone: (305) 374-8500
        Facsimile: (305) 789-7799

        By: /s/ Cory Eichhorn
            Cory Eichhorn
            Florida Bar No. 576761
            Eric B. Funt
            Florida Bar No. 102190

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2015, I served the foregoing on Plaintiff Edward Crespo by email to musicandmore20@gmail.com.

        /s/Cory Eichhorn
        Cory Eichhorn
        Florida Bar No. 576761
        *Attorney for Defendant Midland Credit Management, Inc.*
        Holland & Knight LLP
        701 Brickell Avenue, Suite 3300
        Miami, FL 33131
        Telephone: (305) 374-8500
        Facsimile: (305) 789-7799
        Cory.Eichhorn@hklaw.com