UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60843-CIV-LENARD/GOODMAN

**EDWARD CRESPO**

    **Plaintiff,**

vs.

**MIDLAND CREDIT MANAGEMENT, INC.,**
a Kansas corporation,

    **Defendant.**
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (D.E. 12)

**THIS CAUSE** is before the Court on Defendant Midland Credit Management Inc.'s Motion to Dismiss (the "Motion," D.E. 12), filed on May 19, 2015. In consideration of the Motion, Response, Reply, case file, and applicable law, Defendant's Motion is granted in part and denied in part as more fully set forth herein.

**I.    Background**

On April 20, 2015, Plaintiff Edward Crespo filed his Complaint, via counsel,[1] alleging that Defendant is liable for civil damages under 26 U.S.C. § 7434 for fraudulently falsifying tax documents submitted to the Internal Revenue Service. See

---

[1] Though Plaintiff was represented by counsel at the time his Complaint and Memorandum of Law in Opposition to Motion to Dismiss were filed, he is now proceeding pro se. See (D.E. 43, 47.)

(D.E. 1.) In support of his claim, Plaintiff asserted the following facts, which must be taken as true for purposes of the Motion.[2]

On April 26, 2012, Plaintiff filed an action against Defendant in this Court, No. 12-cv-60744-WPF, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act "FCCPA"), and the Florida Security of Communications Act ("FCSA"). (D.E. 1 ¶ 7.) On February 13, 2013, the Court granted Defendant's motion for partial summary judgment as to the federal claims, and declined to exercise supplemental jurisdiction over the pendent state-law claims. (Id. ¶ 8.)

On February 15, 2013, Plaintiff filed his state claims in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (Id. ¶ 9.) On April 5, 2013, Defendant attempted to remove the action to this Court, No. 13-cv-60797-RSR. (D.E. 1 ¶ 9.) On April 8, 2013, the Court remanded the case for lack of jurisdiction due to an insufficient amount in controversy. (Id.)

Plaintiff claims that throughout the prior proceedings "there was intense acrimony between the litigants." (Id. ¶ 10.) At the time, Defendant was represented by former counsel, Anthony Love of the law firm King & Spaulding. (Id.) Specifically, the Complaint asserts that defense counsel's conduct included "sordid aspersions" with intent "to character assassinate [Plaintiff] with the Court, the goal being to poison the well and

---

[2] Factual allegations of a complaint must be taken as true for purposes of a motion to dismiss. Cooper v. Pate, 378 U.S. 546, 546 (1964).

2

avoid liability shifting attention to [Plaintiff's] motives in pursuing [Defendant] and away from [Defendant's] own illegal conduct." (Id.)

However, in January 2014, the parties reached a settlement (the "Settlement") and Plaintiff voluntarily dismissed his action with prejudice. (Id.) Pursuant to the terms of the Settlement, Plaintiff was to receive a payment of $30,000 from Defendant. (Id. ¶ 11.) A settlement agreement was never signed because Plaintiff would not agree to withdraw a Florida Bar complaint against former defense counsel. (Id.) Defendant, now proceeding with current counsel, attempted to enforce the settlement agreement requiring Plaintiff to drop his Bar complaint, but the State court determined that there was never a meeting of the minds. (Id. ¶ 12.) Thus, the settlement was limited to the payment of the $30,000 in consideration of Plaintiff's release of claims related to the pending lawsuit. (Id.)

On January 13, 2014, Defendant's counsel transferred the $30,000 in settlement funds from its trust account to Plaintiff's counsel's trust account. (Id.) At the time of the settlement, Plaintiff maintains that Defendant never requested a Form W-9 to obtain Crespo's taxpayer identification number; instead, Defendant requested a W-9 for Plaintiff's counsel. (Id. ¶ 13.) Plaintiff states that Defendant and its counsel knew that the settlement funds were to be partially used to pay attorney's fees. (Id.)

On April 24, 2014, a Form 1099-Misc against Plaintiff for $30,000 was electronically filed by an individual named J. Mark Warner on behalf of Defendant. (Id. ¶ 15.)  Plaintiff includes allegations that this act was done with "willful, wanton, and reckless intent to harm [Plaintiff] by invoking the power of the [IRS] against him." (Id. ¶

3

14.) Plaintiff alleges that the basis of his current lawsuit is that (1) Defendant reported that the funds were paid in 2013 instead of 2014; (2) Defendant did not request Plaintiff's taxpayer identification number via a W-9, instead relying on its own records of Plaintiff's Social Security Number; (3) Defendant reported that the funds were paid to Plaintiff instead of his counsel's trust account; and (4) Defendant never mailed Plaintiff a copy of the 1099-Misc, which could have permitted Plaintiff to mitigate the issue.  (Id.)

On February 9, 2015, Plaintiff received correspondence from the IRS for the tax year 2013, informing Plaintiff that Defendant had issued the 1099-Misc to Plaintiff reporting payment of $30,000 in 2013.  (Id. ¶ 15.)

Count I, under § 7434, includes the aforementioned facts and further states that Defendant willfully reported the false and misleading 1099-Misc to the IRS for the improper purpose of harassing Plaintiff in retribution for the events that transpired in the underlying court proceedings.  (Id. ¶¶ 22, 24.)  Count II asserts a pendent state-law claim for intentional infliction of emotional distress ("IIED") based on the same operative facts. (Id. ¶¶ 29–38.)

On May 19, 2015, Defendant's filed the instant Motion seeking to have Plaintiff's claim dismissed for failing to state a claim because Plaintiff has not sufficiently pleaded facts that would evidence an intentional, bad faith violation of their legal duty, as required under § 7434, nor has he sufficiently pleaded outrageous conduct that would support an IIED claim.  See (D.E. 12.)

**II.     Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that fails to state a cause of action for which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss, the Court must accept the factual allegations as true and construe them broadly in the light most favorable to the plaintiff.  See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).  When conducting this analysis, the Court may examine only the four corners of the complaint.  St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**III.    Analysis**

    A.     Count I

Under 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."  "To establish a claim of tax fraud under 26 U.S.C. § 7434, a plaintiff must prove: (1)

defendant issued an information return; (2) the information return was fraudulent; and (3) defendant willfully issued a fraudulent information return." Leon v. Tapas & Tintos, Inc., No. 14-21133-CIV, 2014 WL 5032435, at *6 (S.D. Fla. Oct. 8, 2014) (citing Seijo v. Casa Salsa, Inc., No. 12-60892-CIV, 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013)).

Notwithstanding the pleading requirements set forth in Twombly, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to plead "with particularity the circumstances constituting fraud or mistake." See Vandenheede v. Vecchio, 541 F. App'x 577, 579 (6th Cir. 2013) ("Rule 9(b)'s heightened pleading standard applies to Vandenheede's tax-fraud claim."); see also Twombly, 550 U.S. at 576 n.3 (stating that "[t]he Federal Rules do impose a particularity requirement on all averments of fraud or mistake" (internal quotation marks omitted)). However, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. "'The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'" Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)).  Rule 9(b) is satisfied if the complaint states

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

6

Id. (quoting Brooks v. Blue Cross & Blue Shield of Fla., Ind., 116 F.3d 1364, 1371 (11th Cir. 1997)).

Here, Defendant submits that Plaintiff has failed to fulfill the heightened pleading standard based on the facts as alleged. Plaintiff responds that he has set forth the parties' tumultuous litigation history that should act as a sufficient basis to support a plausible inference that the submission was intentional and fraudulent. Furthermore, Plaintiff cites to the factual allegations concerning the date and contents of the filing and Defendant's knowledge that Plaintiff was not receiving the entire $30,000 settlement fund based on the attorney's fees. In consideration of the factual allegations contained in the Complaint, the Court concludes that Plaintiff has set forth sufficient facts to state a claim for relief that is plausible on its face. To the extent that Defendant challenges the likelihood of proving that the inaccurate filing was done intentionally and fraudulently, these arguments are better addressed at the summary judgment stage—after discovery. Accordingly, Defendant's Motion to Dismiss is DENIED as to Count I.

B. Count II

To state a claim for IIED under Florida law, a plaintiff must assert facts to show: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the emotional distress was severe. See Dominguez v. Equitable Life Assurance Soc'y of U.S., 438 So. 2d 58, 59 (Fla. 3d DCA 1983); accord Swinarski v. Keller, 529 So. 2d 1208, 1209 (Fla. 4th DCA 1988) (citing Metro. Life v. McCarson, 467 So. 2d 277 (Fla. 1985)). The "outrageous conduct" must be "'so extreme in degree, as to go beyond all possible bounds of decency, and to be

7

regarded as atrocious, and utterly intolerable in a civilized community.'" Swinarski, 529 So. 2d at 1209 (quoting Restatement (Second) of Torts § 46 (1965)). "Whether conduct is outrageous enough to support a claim for [IIED] is a question of law, not a question of fact." Roberts v. Amtrust Bank, No. 14-81266-CIV, 2014 WL 7273982, at *2 (S.D. Fla. Dec. 22, 2014) (citing Liberty Mut. Ins. v. Steadman, 968 So. 2d 592, 595 (Fla. 2d DCA 2007)).

Here, the facts asserted are not remotely close to "outrageous" so as to support Plaintiff's claim for relief. Though Plaintiff ascribes adjectives and phrasal adjectives such as "outrageous," "odious," "utterly intolerable" and "beyond all bounds of decency" to describe the one-time, incorrect 1099-Misc filing, these terms do not augment the factual basis so as to state a claim for intentional infliction of emotional distress. See, e.g., Orzechowitz v. Nova Se. Univ., No. 13-62217-CIV, 2014 WL 1329890, at *7 (S.D. Fla. Mar. 31, 2014) ("In general, Florida federal courts have held that repeated verbal abuse and physical contact are required to satisfy the extreme and outrageous element." (internal quotation marks omitted)). Plaintiff cites Stewart v. Walker, 5 So. 3d 746 (Fla. 4th DCA 2009)—without explanation—in support of his position that the use of the aforementioned adjectives is sufficient to state a claim. See (D.E. 17 at 7.) A review of Stewart reveals that it has no bearing on the instant case; indeed, the appellate court in Stewart reversed the trial court's dismissal of the IIED claim that was based on a standing issue. Stewart, 5 So. 3d at 749. Furthermore, Plaintiff does not even attempt to square the facts in Stewart with his own case. Accordingly, Defendant's Motion to Dismiss is GRANTED as to Count II.

## IV.   Conclusion

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim (D.E. 12) is **GRANTED IN PART AND DENIED IN PART**; and

2. Count II of Plaintiff's Complaint (D.E. 1) is **DISMISSED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of September, 2015.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**