# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60843-CIV-LENARD

**EDWARD CRESPO**,

    Plaintiff,

v.

**MIDLAND CREDIT MANAGEMENT, INC.,**

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (D.E. 155)

**THIS CAUSE** is before the Court upon Midland Credit Management Inc.'s (hereinafter, "Defendant") Motion for Summary Judgment ("Motion) (D.E. 155), filed on July 1, 2016. Plaintiff filed his Response in Opposition (D.E. 159) on July 19, 2016; and the Defendant replied (D.E. 162) on July 28, 2016. Having considered these pleadings and the summary judgment record, the Court finds as follows.

    **I.**    **Background**

On April 26, 2012, Plaintiff initiated a separate lawsuit against the Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCP") and the Florida Collection Practices Act. (D.E. 156 at ¶ 1.) My colleague, United States District Judge William Dimitrouleas, dismissed Plaintiff's FDCP claim and declined to exercise

supplemental jurisdiction over Plaintiff's state law claim. (Id. at ¶ 2.) Plaintiff subsequently re-filed his case in state court. (Id. at ¶ 3.)

In an attempt to resolve the state court matter, the parties initiated settlement discussions and reached a tentative agreement in March 2013. (Id. at ¶ 5.) As a result of the tentative agreement, Defendant's accounting department processed a $30,000 check made payable to Plaintiff's attorney. (Id. at ¶ 6.) This 2013 check was never cashed or deposited and was ultimately voided after the parties failed to agree on the final terms of the settlement. (Id. at ¶ 7 – 8.) However, several months later, the parties did settle the state court matter and Defendant's drafted another $30,000 settlement check on January 13, 2014. (Id. at ¶ 9 – 10.)

In the Spring of 2014, Defendant's accounts payable department prepared a 1099-MISC for the calendar year 2013, attributing $30,000 in income to the Plaintiff. (Id. at ¶ 11 – 13.) The 1099 was submitted to the IRS on March 28, 2014. (Id. at ¶ 13.) Approximately one year later, Defendant was contacted by Plaintiff's attorney, Mr. Holiday Russell, about the 1099-MISC being filed for the year 2013 instead of 2014. (Id. at ¶ 15.) Soon after receiving this information, Defendant manually voided the data on the Plaintiff's 2013 1099-MISC and filed the voided 1099-MISC with the IRS on April 23, 2015. (Id. at ¶ 16 – 17.)

On April 20, 2015, Plaintiff filed this cause of action, alleging that: (1) Defendant violated 26 U.S.C. § 7434 by willfully filing a fraudulent tax return (i.e. the 2013 1099-MISC); and (2) Defendant intentionally caused him emotional distress by filing the

fraudulent return. (D.E. 1.) Plaintiff filed an Amended Complaint on December 1, 2015, dropping his state tort claim. (D.E. 92.)

On July 1, 2016, Defendant filed its Motion for Summary Judgment, arguing that Plaintiff had failed to establish any material fact that would permit a reasonable juror to find that the Defendant had: (1) filed a fraudulent return, and/or (2) did so willfully. (D.E. 155.) On the same day, Defendant filed its Statement of Material Fact. (D.E. 156.)

In his Response in Opposition, the Plaintiff raised a series of arguments including: (1) the Defendant misrepresented the date the 1099-MISC was filed to "cover-up" its willful fraud; (2) the 1099-MISC was fraudulent because it did not reflect Plaintiff's correct address, was untimely filed, was not copied to Plaintiff or his attorney and was never corrected with the IRS; (3) there was no tentative settlement agreement in March 2013 and the 2013 check is a sham; (4) Defendant failed to comply with IRS regulations by issuing a 1099-MISC to Plaintiff's attorney; (5) a disputed issue of fact exists as to whether the screen-shot of the corrected 1099 is fraudulent; (6) the IRS recently sent Plaintiff a letter confirming that no correct was made to the 2013 1099-MISC; and (7) the sworn affidavit of Plaintiff's former attorney contradicts the Defendant's representations. (D.E. 159.) Plaintiff did not file a counter-statement of material fact.

Defendant filed its Reply on July 28, 2016, arguing that its material facts must be deemed true because the Plaintiff failed to file an opposing statement of facts. (D.E. 162.) The Defendant also re-asserted that no disputed material facts exist which could permit a rational juror to find that it had filed a fraudulent return and did so willfully. Id.

## II. Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since <u>a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.</u>

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (internal quotation omitted) (emphasis added). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249–50. A dispute about a material fact is genuine if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. Id. at 248; see also Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once the movant makes this initial demonstration, the burden of production shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and

by [their] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324; see also Fed. R. Civ. P. 56(c). To satisfy this burden the nonmoving party must "do more than simply show that there is a metaphysical doubt as to the material facts," but instead must demonstrate that there is a "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986). An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id.

### III. Discussion

### A. Local Rule 56.1

Southern District of Florida Local Rule 56.1 provides, in relevant part, that:

> All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.

The Plaintiff did not file an opposing statement of facts as required by Rule 56.1.

In Rives v. Lahood, the Eleventh Circuit addressed a similar situation where the non-moving party violated the local rule by failing to file an opposing statement of facts. 605 F. App'x 815, 818 (11th Cir. 2015). The Eleventh Circuit stated that "because the non-moving party has failed to comply with Local Rule 56.1 – the only permissible way for it to establish a genuine issue of material fact at that stage – the court has before it the functional analog of an unopposed motion for summary judgment." Id. at 818 (quoting Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008)). The Rives court held that the

5

district court had not erred in accepting the movant's statement of facts as true when the non-movant failed to file a counter-statement of material fact. Id.

Because Plaintiff has not filed a statement of material fact, the Court will treat Defendant's statement of facts as true. The Court will now review Defendant's citations to the record to determine whether its evidence supports entry of judgment in its favor.

**B. Defendant's Summary Judgment Evidence**

As part of the summary judgment record, the Defendant included the docket sheets for the federal and state cases dating from 2013 and 2014, cancelled check number 106160, a screen shot of Defendant's accounting system, the sworn declaration of its corporate agent and the affidavit of an employee who works for the company that processed and mailed Plaintiff's 1099-MISC to the IRS. The Court has reviewed each of these documents.

Specifically, Kimberly Larsen, Defendant's corporate agent, swears under oath that she has "personal knowledge of the facts . . . upon review of MCM's books and records" and that based upon her review: (1) Defendant internally processed a settlement check to Plaintiff's attorney on May 1, 2013, as part of a tentative settlement agreement reached by the parties in March 2013; (2) Defendant voided the May 1st check on November 5, 2013, after the parties could not finalize the terms of the agreement; (3) Defendant ultimately issued another check for $30,000.00 to Plaintiff's attorney's trust account after the parties reached a settlement on January 13, 2014; (4) Defendant's accounts payable department mistakenly issued a 1099-MISC based upon the May 1, 2013 check instead of the January 13, 2014 check; (5) Defendant immediately voided the

6

incorrect 1099-MISC after it was notified of its mistake by Plaintiff's attorney. (D.E. 156-3.)

Additionally, Cathy Morgan, who works as a customer service representative at 1099 Connections, Inc – the company hired to handle "the processing of Plaintiff Edward Crespo's 1099-MISC that is the subject of this litigation" – swears that:

> On January 19, 2014, 1099 Connection imported a data file from [Defendant] into its computer system a Form 1099-MISC issued by [Defendant] to Plaintiff for the calendar year 2013 reporting income of $30,000.00 .
> . . .
> On March 28, 2014, a large batch of records, including Plaintiff's 1099-MISC, was extracted and filed with the IRS. The IRS named the transmitted file ORIG.17A87.0001.
> . . .
> On March 17, 2015, MCM manually corrected the data of Plaintiff's 1099-MISC via 1099-Connection's server. . . . The VOID flag was set.
> . . .
> On April 23, 2015, a small batch of record, including Plaintiff's correct 1099-MISC, was extracted and filed with the IRS. The IRS named the transmitted file CORR.17A87.0002.

(D.E. 156-4 at 3.)

The Court must determine whether, as a matter of law, these sworn statements – along with the cancelled check and screenshot – demonstrate the Defendant's entitlement to summary judgment. (D.E. 156-3.)

### C. 26 U.S.C. § 7434

Plaintiff's sole basis for seeking relief is that the Defendant violated 26 U.S.C. § 7434. Section 7434 provides, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To establish a claim of tax fraud under § 7434, Plaintiff must prove that: (1) Defendant issued an information return; (2) the information return was fraudulent; and (3) Defendant willfully issued the fraudulent return. See Leon v. Tapas & Tintos, Inc., 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014) (citing Seijo v. Casa Salsa, Inc., 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013)); see also Chin Hui Hood v. JeJe Enterprises, Inc., No. 1:14-CV-2405-AT, 2016 WL 4769737, at *13 (N.D. Ga. Sept. 12, 2016) (collecting cases).

It is undisputed that Defendant issued a 1099-MISC for 2013 in Plaintiff's name. Consequently, the first element of a § 7434 is satisfied. The Court will also assume, without deciding, that the return was fraudulent and that the Plaintiff can prove the second element of his claim.[1] However, the Court finds, based on this record, that no

---

[1] There is significant disagreement amongst courts as to what a Plaintiff must prove to satisfy the statute's requirement that the return be "fraudulent." Some courts hold that the return is fraudulent if the "type of form" is improper. See Leon, 51 F. Supp. 3d at 1298 ("[T]he Court finds that for purposes of 26 U.S.C. § 7434, Plaintiff has sufficiently alleged that Defendant Tapas & Tintos issued Form 1099—MISC's for the payments it made to Plaintiff, and that the issued forms violated Section 7434 where Plaintiff could properly be classified as an employee rather than an independent contractor.") and Seijo, No. 12-60892-CIV, 2013 WL 6184969, at *7 ("Seijo has produced evidence from which a reasonable factfinder could conclude that Casa Salsa violated § 7434 by filing Form 1099–MISC's for the payments it made to her because that form is used to record payments made to independent contractors and Seijo was not an independent contractor.") Others hold that the "fraudulent" element is only satisfied if the

rational juror could find that the Defendant acted willfully. "Circuit courts around the country have found that 'willfulness' in the context of [Section 7434] connotes a voluntary, intentional violation of a legal duty, and that tax fraud typically requires intentional wrongdoing." Chin Hui Hood, 2016 WL 4769737, at *13 (collecting cases). Here, the undisputed facts – established by the declaration of the Defendant's corporate agent – demonstrate that the Defendant issued the tax return because of an accounting error. Because § 7434 requires intentional wrongdoing and the Defendant acted mistakenly,[2] Plaintiff cannot recover as a matter of law.

**IV. Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment (D.E. 155), filed on July 1, 2016**,** is **GRANTED**;

2. All other pending motions are **DENIED AS MOOT;**

3. This case is **CLOSED**; and

4. Final Judgment in favor of the Defendant shall issue by separate order.

---

amount of the return is incorrect. See Liverett v. Torres Advanced Enter. Sols. LLC, No. 1:16–CV–339, ––F. Supp. 3d ––––, ––––, 2016 WL 3582068, at *2 (E.D.Va. June 28, 2016) (finding, after an exhaustive statutory construction analysis, that "§ 7434(a) must be read to provide a private cause of action only where a defendant willfully files information returns that misrepresent the amount of payments made.") The Court can dispose of this case without weighing in on this issue; and will therefore save this difficult question for another day.

[2] Plaintiff has proffered no evidence that could establish the Defendant acted intentionally.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of November, 2016.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**